UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Age Kola, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>    -v.-<br><br>United Collection Bureau, Inc.,<br><br>                      Defendant(s). | C.A. No: 7:22-cv-1976<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Age Kola (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant United Collection Bureau, Inc. (hereinafter "Defendant United") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.	Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.	The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.	Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.	Plaintiff brings this class action on behalf of a class of New York consumers under 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.	Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.	Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant United is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5620 Southwych Boulevard, Suite 206, Toledo, Ohio 43614, and is registered to accept service of process through its registered agent c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant United is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant United sent an initial collection letter attempting to collect a consumer debt;

   c. for whom Defendant United refused to accept a dispute as to the underlying debt when an individual acting under the express permission of the consumer attempted to levy the dispute on the consumer's behalf; and/or

   d. for whom Defendant United refused to accept a dispute as to the underlying debt without the consumer providing a basis for the same; and/or

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant United's response to consumers attempts to dispute the underlying debt following the provision of the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and/or 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e and/or 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to June 30, 2021, an obligation was allegedly incurred to Citibank N.A.

21. The Citibank N.A. obligation arose out of transactions in which the funds obtained from the creditor were used primarily for personal, family or household purposes, specifically a Citi credit card.

22. The alleged Citibank N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Citibank N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24. Defendant United, a debt collector, contracted with Citibank N.A., the original creditor, to collect the alleged debt.

25.     Defendant United collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### June 30, 2021 Collection Letter & Plaintiff's Response Thereto

26.     On or about June 30, 2021, Defendant United sent the Plaintiff a collection notice ("June Letter") regarding the alleged debt owed to Citibank N.A. *See* Exhibit A.

27.     The June Letter alleged that there was an outstanding account balance in the amount of $9,639.64.

28.     In the body of the June Letter, Defendant United advised:

> [u]nless you dispute the validity of this debt or any portion thereof, please make your payment to Citibank at the remit address below or call our office for arrangements.
>
> …
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

29.     Thereafter, on July 8, 2021, Plaintiff's husband, Pete Kola, called Defendant United in an attempt to advise that the debt was being disputed.

30.     At that time, he was advised initially that he was required to provide a reason for the dispute and was ultimately transferred to a supervisor.

31.     The supervisor advised Plaintiff's husband that they were unable to speak with him directly without Plaintiff providing verbal permission to Defendant United to do so.

32. Plaintiff and her husband called Defendant United a second time on July 8, 2021.

33. At that time, Plaintiff and her husband spoke with the same representative of Defendant United.

34. At that time, Plaintiff affirmatively provided full permission for Defendant United to speak with her husband regarding all aspects of the debt and Defendant United's collection efforts.

35. Knowing that Plaintiff's husband had previously discussed the intention to dispute the debt, Defendant United's representative asked if Plaintiff intended to dispute the account.

36. In response to that inquiry, Plaintiff's husband advised that he would be speaking on her behalf, and Plaintiff once again reiterated that she was providing full permission for her husband to discuss the alleged debt.

37. Plaintiff's husband then confirmed his identity to Defendant United's representative and once again advised that they were disputing the alleged debt.

38. Despite Defendant United 1) having spoken with Plaintiff directly; 2) having obtained knowledge of Plaintiff's intent to dispute the account; and 3) Plaintiff providing unequivocal and affirmative authorization for her husband to speak on her behalf, including but not limited to for purposes of disputing the account on her behalf, Defendant United refused to accept the dispute unless they spoke directly with Plaintiff regarding the same.

39. Plaintiff's husband then spoke with a supervisor who advised that they could speak with him regarding a payment of the alleged debt, but once again refused to speak with Plaintiff's husband regarding the dispute or acknowledge that the dispute was being levied.

40. Improperly and incorrectly stating that Plaintiff was required to provide a basis for a dispute is materially misleading to Plaintiff as it is a knowingly false statement.

41. Similarly, refusing to accept a dispute by alleging that an authorized individual, specifically Plaintiff's husband, was separately materially misleading because it is also a knowingly false statement.

42. Defendant United's actions directly prevented Plaintiff from being able to properly respond to or handle Defendant United's debt collection efforts.

43. Defendant United's action caused by the Plaintiff and the Plaintiff's husband to become extremely upset, and frustrated.

44. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<b><u>COUNT I</u><br>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e<br><i>et seq.</i></b>

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendant violated §1692e :

   a. As it alleged that Plaintiff was required to provide a basis for a dispute which is not accurate; and

   b. As it refused to accept a dispute levied by Plaintiff's husband despite Plaintiff explicitly providing authorization for her husband to speak on her behalf and

Defendant United's prior knowledge of Plaintiff's intent to dispute the alleged debt.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g
*et seq.*

50. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> …
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

53. While Defendant United provided the necessary notice of Plaintiff's right to dispute the alleged debt, Defendant United nonetheless violated this statute.

54. Defendant violated §1692g:

    a. By alleging that Plaintiff was required to provide a basis for a dispute in order for the same to be accepted and acknowledged; and

    b. By refusing to accept a dispute levied by Plaintiff's husband after Plaintiff provided affirmative permission for her husband to speak on her behalf regarding all aspects of the alleged debt, including specifically regarding the intent to dispute the same.

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kola Age, individually and on behalf of all others similarly situated, demands judgment from Defendant United as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

6.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 9, 2022                         Respectfully Submitted,

*/s/Christofer Merritt*
Christofer Merritt
**Stein Saks, PLLC**
One University Plaza,
Suite 620
Hackensack, NJ, 07601
Tel. 201-282-6500
Fax 201-282-6501
cmerritt@steinsakslegal.com
*Attorneys for Plaintiff*